DAVID A. BUNTON *versus* REUBEN B. DUNN.

If the plaintiff, (one of the members of a firm including the defendant and others, each of which purchased and held lands for the general objects of the co-partnership,) sell his entire interest in the partnership property, including the lands, to the defendant, taking back a bond reciting the sale and conditioned to "save the plaintiff harmless from all the liabilities of said firm and growing out of said firm;" a judgment rendered against all the members of the firm, on a petition for partition of one not a member thereof, commenced before, but determined after, such sale, and defended by an attorney retained by the defendant, in the name of all the members, is covered by the bond; and, if the plaintiff pay such judgment, he will be entitled to recover the amount thus paid, in an action upon said bond.

ON REPORT from *Nisi Prius*.

DEBT on a bond in the penal sum of $10,000 given by the defendant to the plaintiff.

The plaintiff filed specifications of his claims under the

bond, including $345,68 paid in discharge of a judgment rendered in favor of one Lyford, on a petition for partition of the lands owned by the members of the firm of R. B. Dunn & Co. ; costs incurred against him in an unsuccessful attempt to reverse said judgment, and counsel fees paid to Bellows & Farr in a suit of the members of the firm with one King.

The defendant denied, that such judgment and claims were the "liabilities of said company or growing out of said company," pleading *non est factum*, with a brief statement setting out the conditions of the bond and averring a performance.

*R. Foster*, for the plaintiff.

*J. S. Abbott*, for the defendant, contended that —

The lands were held by certain individuals, who were the members of the firm of R. B. Dunn & Co., as tenants in common and not as co-partners, no allusion to any partnership being made in the deeds.

The firm of R. B. Dunn & Co. could not authorize another, by power of attorney, to convey the interests owned by the individual members. A deed of all the partnership property, wherever situated, would not reach the land.

If a creditor of the plaintiff had, prior to sale to defendant, sued and attached the former's undivided interest in the Carrol lands, and afterwards, on the same day, a creditor of R. B. Dunn & Co. had attached the Carrol lands as partnership property, and that company had then been insolvent, which would have held the lands?

APPLETON, C. J. — The plaintiff and defendant, prior to April 30th, 1853, had, with others, been co-partners in trade and in lumbering, under the name and firm of R. B. Dunn & Co. The members of the firm owned timber land in Whitefield, where their store was, and in Carrol, N. H. The Carrol lands the plaintiff had purchased of the defendant.

On the 17th March, 1852, one Stephen C. Lyford filed a petition for partition of the Carrol land, in the Court of

Common Pleas for the county of Coös, claiming to be the owner of one eighth thereof. At the July term following, an appearance was entered for the different members of the firm of R. B. Dunn & Co., by an attorney retained and employed by the defendant. Whether the attorney was employed to appear only for the defendant or for all the members of the firm of Dunn & Co. is in contest. As all the members of the firm were interested in the lands sought to be divided, and as the respondents denied the seizin of the petitioner and pleaded sole seizin in themselves, the circumstances of the case unmistakeably indicate, that the retainer was for all the members of the firm, notwithstanding the impression of Dunn seems to be otherwise. The plea filed shows that the attorney employed was made acquainted with the state of the title as claimed by the defendant, and that he filed his plea accordingly.

On the 30th April, while this petition was pending, the plaintiff sold out his entire interest in the whole property of R. B. Dunn & Co. to defendant, giving him at the same time a deed of warranty of certain lots in Whitefield, "also all my [his] right, title, estate and interest and claim to any and all lands, mills, mill privileges and real estate whatsoever situate in Whitefield, and in and to any timber standing or being in any lands in said town," and a release of the lots in Carrol and the timber standing thereon. On the same day, the defendant gave back to the plaintiff the bond in suit, in the penal sum of ten thousand dollars conditioned as follows, " the condition of the above obligation is such, that, whereas said Bunton has this day conveyed to me all his right, title and interest, of any name and nature, in the firm of R. B. Dunn & Co., located at Whitefield, N. H., now, if I, the said Dunn, shall save the said Bunton harmless from all the liabilities of said company and growing out of said company and pay said Bunton whatever money he may have put into the business operations of said company from his private funds, then this obligation to be void; otherwise to remain in full force and effect."

The petition for partition of Lyford proceeded to final judgment in his favor, and an execution issued from the office of the Clerk of the Supreme Judicial Court for the county of Coös, on the 5th Tuesday of December, 1856, against the plaintiff and the defendant and the other members of the firm of R. B. Dunn & Co., for the sum of three hundred and forty-five dollars and sixty-eight cents, which this plaintiff having paid seeks to recover in this action.

The firm of Dunn & Co. was established for the purpose of lumbering. Its members owned lands, mills and timber purchased for that purpose. Their interest in the land was the same as their interest in the firm. The deeds and bond refer to and are a part of one and the same transaction, by which the plaintiff conveyed all " his right, title and interest of any name and nature in the firm of R. B. Dunn & Co." and the defendant received such conveyance. These parties treated the real estate as partnership property, purchased and held for the objects of the firm,—i. e. lumbering,— and conveyed, when the plaintiff ceased to have an interest therein, by him to the defendant. The bond is in most general terms and must be held to cover legal and equitable liabilities.

The plaintiff, by his conveyance of April 30, 1853, ceased to have any interest in the Carrol lands or the timber thereon. The result of the petition for partition was henceforth of no importance to him. The execution obtained by Lyford was a liability growing out of the estate, on that day conveyed to the defendant, and to protect him against which he gave the bond in suit. If it were otherwise, the plaintiff would have conveyed an estate and yet not have been protected against suits in relation to property in which his interest has long previously ceased.

The judgment recovered by Lyford against the members of the firm of R. B. Dunn & Co., is within the bond, and the plaintiff is entitled to recover therefor for the bill of Bellows & Farr in the King suit.

It seems that, after this judgment, the plaintiff filed a

bill to have the proceedings in the partition of Lyford set aside as against him. Those proceedings were at his own instance and for his own benefit. They were not at the request, nor for the benefit of Dunn, who, in any event, was to remain liable. No reason is perceived why he should be held responsible for the expenses incurred in those proceedings.

> *Defendant defaulted for* $345,68 *and interest from*
> *5th Tuesday of Dec.,* 1856, *and* $22,75, *paid*
> *Bellows & Farr, and interest from date of writ.*

KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.